

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. A. Hight
Chief Accountant
Board of County and District Road Indebtedness
Austin, Texas

Dear Sir:

Opinion Number O-3241
Re: Authority of Board of County
and District Road Indebtedness,
under the provisions of H. B.
688, to make bonds of Limestone
County Road District #18 eligible
for participation on authority of
nunc pro tunc order entered by the
State Highway Commission March 1,
1941.

This will acknowledge receipt of your letter of March 4, 1941, requesting our opinion on the following question:

"Does the Board of County and District Road Indebtedness under the terms of a nunc pro tunc order issued by the Highway Commission have the authority to assume for participation bonds issued by Road District No. 18 of Limestone County, the proceeds of which were expended in the construction of a road from Mart via Ben Hur to Groesbeck?"

The Nunc pro tunc order mentioned reads as follows:

"MINUTE NO. _____ MARCH 1st, 1941

"WHEREAS, Carl Cannon, County Judge of Limestone County, Texas, appearing in behalf of Road District No. 18, Limestone County, Texas, represents to this Commission that on August 14, 1933, the Highway Commission of Texas passed Minute No. 7997, designating

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

a State Highway from Mart to Groesbeck; and
that said Minute, as same appears on the re-
cords of the Highway Commission, does not and
did not reflect the action of the Highway Com-
mission when said road was designated from Mart
to Groesbeck, and in behalf of said contention
he presented evidence in the form of letters
written to the Highway Commission by the differ-
ent County Judges of Limestone County from 1923
to 1933, and also Minutes of the Highway Commis-
sion which show that the different delegations
from Limestone County appearing before said Com-
mission were requesting that the bonded road from
Mart by way of Ben Hur to Groesbeck be designated
as a State Highway; and, further presented affida-
vits and letters to the effect that when MINUTE
No. 7997, was passed on August 14, 1933, that the
delegation appearing before the Commission on said
date understood and heard the Highway Commission,
sitting at that time, designate the old bonded
road, to-wit:  from the McLennan County line by
way of Ben Hur to Groesbeck as State Highway No.
164, and further presented to this Commission a
letter from the Honorable D. K. Martin, of San
Antonio, Texas, dated October 21, 1940, stating
that on August 14, 1933, he, as a member of the
State Highway Commission, voted to designate the
old bonded road from Mart by way of Ben Hur to
Groesbeck as State Highway No. 164; he also pre-
sented a letter from the Honorable John Wood,
Chairman of the Highway Commission on August 14,
1933, when Minute No. 7997 was passed, stating
that on such occasion he voted to designate the
old bonded road from Mart to Groesbeck by way of
Ben Hur as State Highway No. 164, and that the
Commission on that date so designated the old
bonded road from Mart to Groesbeck by way of
Ben Hur; and,

"WHEREAS, after hearing said evidence the Com-
mission is of the opinion that through inadvert-
ence in drawing up Minute No. 7997, it failed to
reflect the action of the Highway Commission of

Honorable Geo. A. Hight, page #3

that date, and that it was the action of the Highway Commission as then constituted on August 14, 1933, to designate the old bonded road from Mart to Groesbeck by way of Ben Hur as State Highway No. 164; and

"WHEREAS, since such time, the rights of no other parties have intervened;

"THEREFORE, to correct such error and omission so that the records of this body may reflect all the truth of the matter involved;

"IT IS ORDERED, and this Commission here and now so finds, that the action of the Highway Commission of Texas, on August 14, 1933, was to designate as a part of the State Highway System of Texas, and that on August 14, 1933, as aforesaid, the State Highway Commission of Texas, did designate as a part of the State Highway System of the State of Texas, that stretch of road that begins on the McLennan County line near the town of Mart, and following the old bonded road through the town of Ben Hur to the City of Groesbeck, as State Highway No. 164; and,

"BE IT FURTHER ORDERED, that such designation of such road and this order declaring such designation be entered upon the Minutes of this Commission nunc pro tunc as of August 14, 1933, and as so entered shall be as effective as if actually entered on such Minute on August 14, 1933.

*****

"I, M.L.Wiginton, Secretary of the State Highway Commission of Texas, do hereby certify that the above and foregoing is a true and correct copy of the Minute as it appears in the Official Records of the State Highway Commission of Texas.

"WITNESS my hand and official seal this 4th day of March, 1941.

(signed) M.L.Wiginton - Secretary
State Highway Commission."

Honorable Geo. A. Hight, page #4


        In Opinion Number O-3098 we stated that the office of nunc pro tunc is to record an action actually had but which through inadvertence or mistake had not been recorded. Such omission constituting nothing more nor less than a clerical error. The legitimate function of such an entry being to correctly evidence upon the record that which for some reason had not been entered of record at the proper time.

        Referring to the context of the nunc pro tunc order above quoted, it will be noted that the Highway Commission expressly finds "that through inadvertence in drawing up Minute #7997, it failed to reflect the action of the Highway Commission of that date . . . ", and that, therefore, to correct such error and omission so that the records may reflect all the truth of the matter involved, it is ordered that such road be designated nunc pro tunc as of August 14, 1933.

        We think this action clearly conforms to the principles of the function of a nunc pro tunc entry. On its face it finds that the road in question was actually designated by order of the Highway Commission on August 14, 1933, but through error such action was not recorded in the Minutes of the Commission.

        You are, therefore, advised that in our opinion the Board of County and District Road Indebtedness has the authority to make eligible for participation the bonds of Road District #18 of Limestone County, the proceeds of which were expended in the construction of the road alluded to in the nunc pro tunc entry above quoted.


                                        Very truly yours

                                        ATTORNEY GENERAL OF TEXAS

APPROVED MAR 14, 1941

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS            By Clarence L. Crowe
                                        Clarence L. Crowe
                                        Assistant

CEC-s

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN